**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

**MICHAEL D. MARLIN**
Reg. # 08387-003                                                                                    **PLAINTIFF**

V.                                         2:07CV00052 BSM

**JILL DUBE-GILLEY, FCI-Forrest City;
and EDNA PRINCE, FCI-Forrest City                                      DEFENDANTS**

**ORDER**

The court has reviewed the proposed findings and recommended disposition submitted by United States Magistrate Judge H. David Young and the objections. After carefully considering the objections and making a *de novo* review of the record in this case, the court declines to adopt the proposed findings and recommended disposition. Nevertheless, the court finds that Marlin's complaint should be dismissed because the claims raised in this action have already been addressed in a previous action and are barred by the doctrines of res judicata and collateral estoppel. Furthermore, the court notes that Marlin now has three strikes pursuant to 28 U.S.C. § 1915(g).

The magistrate recommends dismissal based upon failure to exhaust administrative remedies. Under the Bureau of Prisons' ("BOP") administrative remedy procedure, inmates are encouraged to attempt resolution of their complaints informally by discussing the matter with a member of their Unit Team through the use of a BP-8 1/2. 28 C.F.R. § 542.13(a). If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint, a BP-9, with the Warden within twenty days of the date on which the basis of the

complaint occurred. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director through the use of a BP-10. 28 C.F.R. § 542.15. If the inmate is dissatisfied with the regional response, he or she may appeal the Regional Director's response to the National Inmate Appeals Administrator, Office of General Counsel. *Id*. Plaintiff must be denied at all levels to "exhaust" his administrative remedies.

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). "This provision does not require exhaustion of *all* remedies; it requires the exhaustion of 'such administrative remedies as are available.'" *Id*. "[A] remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)." *Id*. (holding that the prisoner's allegations raised an inference that he was prevented from utilizing the prison's administrative remedies) (citing *Johnson v. Garraghty,* 57 F. Supp. 2d 321, 329 (E.D. Va. 1999) (dispute as to whether prisoner plaintiff was prevented from exhausting remedies required evidentiary hearing to determine whether remedies were "available"); *Underwood v. Wilson,* 151 F.3d 292, 295 (5th Cir. 1998) (*per curiam*), *cert. denied,* 526 U.S. 1133, 119 S.Ct. 1809, 143 L.Ed.2d 1012 (1999) (citing with approval pre-PLRA decision commenting that administrative remedy was

inadequate where prison officials ignored or interfered with the prisoner's attempts to exhaust remedies)).

The Eighth Circuit has "excused inmates from complying with an institution's grievance procedures when officials have prevented prisoners from utilizing the procedures," or "when officials themselves have failed to comply with the grievance procedures." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 698 (2001) (rejecting the argument that the inmate failed to exhaust his available administrative remedies because defendant failed to point to any evidence that established the inmate could have filed a grievance despite defendant's failure to respond to the inmate's initial filing)).

In his objections, Marlin alleges that he made "a substantial effort to comply with the [BOP's] grievance procedures but was derailed by [the BOP's]: (1) refusal to answer his grievances, and/or (2) rejecting said grievances on improperly false grounds. For instances, Marlin asserts that the Regional Appeal's Director's reason for the rejection of his BP-10 on February 2, 2005 (that he failed to provide a BP-9 complaint with the Warden's response and a copy of the BP-8) is false. He further states that the ten day re-filing period had already lapsed at the time he received the rejection notice, but he continued his grievance by filing a BP-11 on February 15, 2005. He also sets forth various instances in which he claims his grievances were not timely answered, or answered at all. Marlin provides an affidavit in support of his argument that he exhausted all "available" remedies. While the court does not

at this time resolve the question of whether Marlin, in fact, complied with § 1997e(a), the court concludes that the allegations in his objection to the magistrate judge's proposed findings and recommendations and affidavit are sufficient to create an issue of fact as to whether he exhausted his "available" remedies with respect to certain grievances.

The court finds, however, that the claims raised by Marlin have already been addressed in previous actions before this court, and thus, his case should be dismissed on the grounds of res judicata and collateral estoppel.[1] *See Followell v. United States*, 532 F.3d 707, 708 (8th Cir. 2008). In his first amended complaint, plaintiff Marlin alleges that "on or about November 1, 2004," defendant Dube-Gilley, his Unit Manager at the FCI-Forrest City unit assigned him to work at a position that exceeded his physical capabilities following a change in his work restriction status by defendant Dr. Prince. He states that "on or about November 20, 2004," defendant Prince denied him medical treatment and pain relief for ear and sinus infections, resulting in a fall on April 10, 2005, that caused him further injury, and that the two conspired to deprive him of appropriate work restrictions. In his second amended complaint, Marlin alleges that "on or before September 30, 2004," defendants Prince and Dube-Gilley conspired to rescind his one-year convalescence, that defendant Prince assigned him to work that exceeded his physical limitations beginning on November

---

[1] This issue was raised by Magistrate Judge Young in an order dated August 9, 2007, directing Marlin to submit a second amended complaint. Magistrate Judge Young allowed Marlin's claims to proceed finding that for screening purposes, construing the complaints liberally, Marlin stated a cognizable claim for relief.

1, 2004, and that "on November 22, 2004" tests documented "air-fluid levels in the paranasal sinuses, which is a discomforting infection; a constant running fluid out of the left nostril, a constant sinus headache and sinus pressure, a denial of life's basic right to live without pain."

The claims raised by Marlin in the instant case are virtually identical to those raised by him in previous cases filed and dismissed in this court. Specifically, in *Marlin v. Jiminez et al.*, 2:05-cv-00017 JLH (Doc. Nos. 155, 168, and 169), the court addressed the claim that defendant Dube-Gilley conspired with defendant Prince to remove his medically unassigned status and assign him to jobs "detrimental to his health." The court dismissed the claims against defendant Dube-Gilley without prejudice because Marlin could not have exhausted his administrative remedies as to any grievance he may wish to assert against Dube-Gilley because Marlin was first transferred to the unit managed by defendant Dube-Gilley on September 17, 2004, which is after the filing of the grievances at issue in that case. Additionally, the court addressed, *inter alia*, Marlin's allegations that defendant Prince failed to provide him with medical treatment with regard to his ear and sinus infections, the CAT scans performed, treatment for Marlin's orthopedic problems and pain, the medical work restrictions placed on Marlin, and the fall on April 10, 2005. The motion for summary judgment was granted as to Dr. Prince, who was dismissed with prejudice. The Eighth Circuit affirmed the decision. *See* Doc. Nos. 181, 182, and 183.

Additionally, in *Marlin v. Raper et al.*, 2:06-cv-0004 SWW, Marlin alleged that defendant Dube-Gilley "conspired with Dr. E. Prince to rescind plaintiff's convalescence and exceeded her duties and put plaintiff to work in a wheelchair in the safety department." *See* Doc. No. 2. The court found that Marlin failed to state a claim an actionable claim against the named defendants, including defendant Dube-Gilley, and dismissed the claim with prejudice. *See* Doc. Nos. 31, 36, and 37.

Furthermore, the court notes that Marlin now has three strikes pursuant to 28 U.S.C. § 1915(g). On July 2, 2007, Judge J. Leon Holmes, the judge previously assigned to this case, found that Marlin had filed at least three prior § 1983 complaints in federal court that have been dismissed as frivolous or failing to state a claim upon which relief may be granted. Two were filed in the Western District of Louisiana: *Marlin v. Fontenot*, Case No. CIV 06-1017-LC, which was dismissed on November 14, 2006, with a finding that Marlin's claims were "frivolous and failed to state a claim," (Doc. No. 10); and *Marlin v. Alexandre*, Case No. CIV 05-1947-LC, which was also dismissed as frivolous and failing to state a claim on July 25, 2006 (Doc. No. 46). A third strike was issued on March 13, 2007 in *Marlin v. Raper*, et al., 2:06-cv-0004 SWW/BD, which explicitly counted the dismissal as a "strike." The court dismissed the case without prejudice. On July 25, 2007, Judge Holmes granted Marlin's motion for reconsideration and set aside the order of dismissal because the strikes entered in the three cases may not be "final" because Marlin had pending appeals.

On January 24, 2008, the Eighth Circuit issued a judgment affirming Judge Wright's decision in *Marlin v. Raper*, et al., 2:06-cv-0004 SWW/BD. The mandate of the Fifth Circuit affirming the ruling in *Marlin v. Fontenot*, Case No. CIV 06-1017-LC, was filed on October 4, 2007. It appears that Marlin's petition to the United States Supreme Court was denied on January 7, 2008, and his petition for rehearing was denied on February 25, 2008. On January 10, 2008, the Fifth Circuit's mandate affirming the district court's decision in *Marlin v. Alexandre*, Case No. CIV 05-1947-LC, was filed. It appears that Marlin's petition to the United States Supreme Court was denied on April 14, 2008. Thus, at this point, Marlin has three strikes.

IT IS THEREFORE ORDERED that defendants' motions to dismiss (Doc. Nos. 28 and 39) are GRANTED and plaintiff's complaint is dismissed with prejudice.

DATED this 10th day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE